

FILED

2012 JUL 26  PM 3:02

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| THOMAS C. DIBIASE, | ) | CASE NO. 1:12 CV 0944 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LAKE COUNTY DETENTION | ) | & ORDER |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Thomas C. DiBiase filed this action under 42 U.S.C. § 1983 against the Lake County Detention Facility, Lake County Sheriff Daniel A. Dunlap, Lake County Chief Deputy Frank J. Leonbruno, Lieutenant Reed, Officer Smith, and Lieutenant Cynthia Brooks. In the Complaint, plaintiff alleges assault, excessive force, and retaliation. He seeks monetary relief.

### I. Background

At all times relevant to the instant case, plaintiff was incarcerated at the Lake County Detention Facility in Painesville, Ohio. Plaintiff alleges that, on June 29, 2011, defendants Reed and Smith brought him to a cell on the fifth floor of the Detention Facility. He asserts that, "after

1

entering the cell, I was told to kneel on the bunk and face the wall. I was handcuffed behind my back. Both officers then put their elbo[w]s into my back and forced my face into the wall." (Doc. 4 at 6). He does not assert that he suffered any injuries as a result of this incident. Plaintiff further alleges, without explanation, that "this assault results from retaliation from the grievance process." (Doc. 4 at 7).

Plaintiff alleges that he wrote a series of grievances regarding the above incident with defendants Reed and Smith. He states he wrote a grievance to defendant Leonbruno but received no answer. (Doc. 4 at 6). He claims he then wrote to the Lake County Prosecutor's Office, Lake County Court of Common Pleas Judge Collins, and defendant Dunlap "asking to file informal charges on Officer Smith and Lt. Reed." (Doc. 4 at 6). He asserts he has received no answer. Finally, he states he "put his complaint in open court" with Lake County Court of Common Pleas Judge Eugene Lucci and defendant Brooks but has, again, received no response. (Doc. 4 at 6-7).

Plaintiff filed the instant Complaint on April 16, 2012 in the United States District Court for the Southern District of Ohio. (Doc. 4). Shortly thereafter, that court transferred the instant case to the United States District Court for the Northern District of Ohio. (Doc. 2). In the Complaint, plaintiff alleges assault, excessive force and retaliation. He asks that defendants Reed and Smith be held accountable for their actions and seeks an award of damages for his pain and suffering.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[1]    An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

### III. Analysis

To set forth a cognizable § 1983 claim, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.3d at 375. The Court will consider each of Plaintiff's federal claims within this legal context.

### A.    Proper Parties

#### 1.    Lake County Detention Facility

As set forth above, in order to state a claim under § 1983, a plaintiff must show that the alleged violation was committed by a person acting under color of state law. *See Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Simescu v. Emmet Cty. Dept. of Soc. Svcs.*, 942 F.3d 372, 374 (6th Cir. 1991). The Lake County Detention Facility is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 2002 WL 1396900 at ** 1 (6th Cir. June 26, 2002) (finding that county jail is not a legal entity susceptible to suit under §1983); *Barnes v. Cuyahoga County Jail*, 2010 WL 148136 (N.D. Ohio Jan. 12, 2010); *Coffey v. Miami County Jail*, 2007 WL 316262 at *2 (S.D. Ohio Jan. 29, 2007); *Green v. Reid*, 2011 WL 282454 at *2 (N.D. Ohio Jan. 26, 2011). Thus, the Court finds that plaintiff's claims against defendant Lake County Detention Facility are subject to summary dismissal under §1915(e).

#### 2.    Official Capacity Claims

The Complaint does not specify whether plaintiff is suing defendants Dunlap, Leonbruno, Reed, Smith and Brooks in their official capacities, individual capacities, or both. To the extent

4

plaintiff is suing these defendants in their official capacities, plaintiff's claims are dismissed.

A claim for damages against a state or municipal officer in his official capacity is the equivalent of an action against the public entity he represents. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). As defendants Dunlap, Leonbruno, Reed, Smith and Brooks are being sued in their capacities as employees of the Lake County Sheriff's Office, plaintiff's official capacity claims against these defendants are construed against Lake County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, the governmental entity can be held liable only when the plaintiff's injury is incurred as the direct result of the execution of the government's policy or custom, whether made by its lawmakers or by those whose orders may be said to represent official policy. *Id.* A municipality can therefore be held liable when it unconstitutionally implements or executes a policy statement, ordinance, regulation, or decision officially adopted by its officers. *Id.* at 690. *See also DiPiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

In the instant case, to hold Lake County liable for the actions of county employees, plaintiff must identify the offending policy, connect the policy to Lake County itself, and show that the particular injury was incurred because of the execution of that policy. *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). The Complaint in the instant case contains no factual allegations pertaining to Lake County or any of its policies. There is simply no suggestion on the face of the Complaint of a custom or policy of Lake County which may have led to the violation of plaintiff's constitutional rights. Accordingly, the Court finds plaintiff has failed to state

claims upon which relief may be granted against defendants Dunlap, Leonbruno, Reed, Smith or Brooks in their official capacities. These claims are, therefore, dismissed pursuant to § 1915(e).

### 3.  Individual Capacity Claims

To the extent plaintiff is bringing claims against defendants Dunlap, Leonbruno, and Brooks in their individual capacities, he also fails to state claims upon which relief may be granted. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, — F.3d. — , 2012 WL 1918407 at * 3  (6th Cir. May 29, 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 2011 WL 180780 at * 1 (6th Cir. Jan. 19, 2011) ("Personal involvement is necessary to establish section 1983 liability"). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). A defendant must, therefore, play more than a passive role in the alleged violation or show mere tacit approval of the actions in question. *Rizzo,* 423 U.S. at 371.

At a minimum, plaintiff in the instant case must show that defendants Dunlap, Leonbruno, and Brooks were personally involved in, encouraged, or condoned the allegedly unconstitutional behavior. *Id. See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). The Complaint does not contain allegations suggesting these defendants personally participated in or condoned the alleged use of excessive force or retaliation at issue. Rather, plaintiff's claims against these defendants are essentially based on their failure to respond to his grievances. However, as the Sixth Circuit

6

recently explained, "[p]rison officials are not liable under § 1983 for denying or *failing to act on* grievances." *Barnett v. Luttrell*, 2011 WL 831528 at * 2 (6th Cir. March 10, 2011) (emphasis added). *See also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, plaintiff's individual capacity claims against these defendants for failing to respond to his grievances fail to state claims upon which relief may be granted and are dismissed.

To the extent plaintiff is suing defendants Dunlap, Leonbruno and Brooks based on a theory of supervisory liability, these claims must fail as well. Liability under § 1983 cannot be imposed based on *respondeat superior. Miller v. Calhoun County*, 408 F.3d 803, 817 n.3. *See also Grinter*, 532 F.3d at 575. "'At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Grinter*, 532 F.3d at 575 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). As set forth above, plaintiff has not alleged any facts suggesting defendants Dunlap, Leonbruno, or Brooks authorized, approved, or knowingly acquiesced in any of the alleged constitutional violations that form the basis of the Complaint.

Accordingly, and for all the reasons set forth above, plaintiff's individual capacity claims against defendants Dunlap, Leonbruno and Brooks are dismissed pursuant to § 1915(e). The only remaining claims in this action are plaintiff's individual capacity claims against defendants Smith and Reed for excessive force, retaliation, and assault. These claims are discussed below, in turn.

### B.    Excessive Force

Plaintiff alleges defendants Smith and Reed used excessive force when they "put their elbows into [his] back and forced [his] face into the wall." (Doc. 4 at 6).

In addressing an excessive force claim brought under § 1983, the "analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "If the plaintiff was a free person at the time of the incident and the use of force occurred in the course of an arrest or other seizure of the plaintiff, the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard." *Phelps v. McCoy*, 286 F.3d 295, 299 (6th Cir. 2002) (citing *Graham*, 490 U.S. at 395). For a plaintiff who was a convicted prisoner at the time of the incident, the Eighth Amendment "sets the standard for an excessive force claim," requiring a court to determine whether the defendant's conduct caused the "unnecessary and wanton infliction of pain." *Id. See also Graham*, 490 U.S. at 395, n. 10; *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). Where a plaintiff was a pretrial detainee at the time of the alleged excessive use of force, the claim is analyzed under "the more generally applicable due process clause of the Fourteenth Amendment." *Phelps*, 286 F.3d at 299. As explained by the Supreme Court, the Fourteenth Amendment's Due Process clause "protects a pretrial detainee from the use of excessive force that amounts to punishment. *See Graham*, 490 U.S. at 395, n. 10. *See also County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (noting that test for excessive force under the Fourteenth Amendment is whether the alleged conduct "shock[s] the conscience and [is] so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency").

In the instant case, the Complaint alleges excessive use of force while plaintiff was housed at the Lake County Detention Facility. The Court presumes plaintiff was a pretrial detainee at the time of the alleged incident and, therefore, his rights stem from the Due Process Clause of the Fourteenth Amendment. *See Graham*, 490 U.S. at 395, n. 10. *See also Griffin*, 604 F.3d at 953.

The Sixth Circuit has explained that "[t]he law is unsettled as to whether the analysis for a Fourteenth Amendment excessive-force claim and an Eighth Amendment excessive-force claim is the same." *Griffin*, 604 F.3d at 953. *See also Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) ("[T]here is room for debate over whether the Due Process Clause grants pretrial detainees more protections than the Eighth Amendment does").

However, this Court need not resolve this issue as, under either constitutional standard, plaintiff herein fails to allege sufficient facts suggesting the force used by defendants Reed and Smith was excessive. The entirety of plaintiff's allegations regarding this claim are as follows:

> On or around 6/29/11, I was brought to an ISO cell on the 5th floor of the Lake County Jail by officer Smith and Lt. Reed. After entering the cell I was told to kneel on the bunk and face the wall. I was handcuffed behind my back. Both officers then put there [sic] elbo[w]s into my back and forced my face into the wall. I then asked Lt. Reed why is he using force on me when I've complied with all there [sic] verbal commands. His reply and I "quote" Because your [sic] a pain in my ass (Real Professional).

(Doc. 4 at 6). Plaintiff does not provide any further factual allegations to explain or support this claim. He does not allege that he sought medical treatment or suffered any injury from this incident, nor does he allege that he was threatened or in any objective fear of serious physical harm.

The Sixth Circuit has found that, under either the Eighth or Fourteenth Amendment, "an excessive-force claimant must show something more than *de minimis* force." *Leary*, 528 F.3d at 443. *See also Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (Eighth Amendment); *Bell v. Wolfish*, 441 U.S. 520, 539 n. 21 (Due Process Clause). As that court explained in *Leary, supra*:

> The point of the *de minimis* rule is to make it clear that the Constitution does not become a 'font of tort law' that the federal courts 'superimpose[] upon whatever systems' the States already have. *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Otherwise, every minor touching would become actionable, blurring the lines between the state courts' enforcement of their tort laws and the federal courts' enforcement of the Constitution. Whatever else non-

actionable *de minimis* force may be, it must include a touching that neither 'hurt' nor threatened the individual.

*Leary*, 528 F.3d at 445.

In the instant case, plaintiff alleges a single incident of force during which he was neither hurt or threatened. No other allegations are provided. Under these circumstances, the Court finds the Complaint fails to provide sufficient factual allegations to raise the right to relief about the speculative level even assuming all the allegations in the Complaint are true. *See Twombly.*, 550 U.S. at 555. Under *Twombly* and *Iqbal, supra,* a plaintiff is not required to prove his claim in the Complaint, but he must plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1950. A complaint's factual allegations must "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Even liberally construed, plaintiff's allegations are insufficient to suggest that defendant Smith and Reed's alleged use of force amounted to punishment or was "so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency." *Lewis*, 523 U.S. at 847.

The Court will, however, dismiss this claim without prejudice so as not to foreclose plaintiff from refiling this claim to meet the requirements of Federal Civil Rule 8 should he so choose.

## C. Retaliation

Plaintiff also appears to assert a claim for retaliation, alleging that "this assault [by defendants Smith and Reed] results from retaliation from the grievance process." (Doc. 4 at 7). The Complaint does not contain any further allegations or information about this claim.

A prisoner's claim that prison officials retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). In this context, a retaliation claim has three elements: (1) the prisoner was engaged in

10

protected conduct; (2) an adverse action was taken against the prisoner that would deter a prisoner of ordinary firmness from continuing to engage in that conduct; and (3) a causal connection exists between the first two elements – i.e. the prisoner's protected conduct motivated, at least in part, the adverse action. *Id.* at 394. *See also Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010).

The Court finds plaintiff herein has failed to set forth sufficient allegations to state a retaliation claim against defendants Smith and Reed. While plaintiff summarily alleges that "this assault results from retaliation from the grievance process," he fails to provide any further factual allegations to explain or support this legal conclusion. Moreover, it is unclear what plaintiff means by his reference to the "grievance process." The numerous grievances referenced in the Complaint occurred after the alleged assault and, thus, cannot form the basis of plaintiff's claim that he was assaulted in retaliation for filing grievances. The Court can only conclude that plaintiff is referring to previous grievances he may have filed, however, plaintiff provides no factual allegations regarding the nature, content, or timing of any such grievances. Further, even assuming plaintiff engaged in "protected conduct" (i.e. filing grievances),[2] plaintiff fails to provide any factual allegations suggesting defendant Smith and Reed's alleged use of excessive force was motivated by plaintiff's protected conduct.

Although pleadings filed by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*,

---

[2] The Sixth Circuit has held that, for purposes of a retaliation claim, "protected conduct" includes a prisoner's "undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). If the grievances are frivolous, however, this right is not protected. *Id.*

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the Supreme Court further explained in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the elements of a cause of action will not do.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Indeed, while legal conclusions can provide the framework of a complaint, "they must be supported by factual allegations." *Id.* at 1950.

Pursuant to *Iqbal*, the Court finds the Complaint in the instant case fails to contain sufficient factual matter "to state a claim for relief that is plausible on its face" for retaliation. While Plaintiff alleges generally that "this assault results from retaliation from the grievance process," he does not plead any facts to support his allegations against defendants Smith and Reed. Even under the less stringent pleading standards afforded *pro se* litigants, the Complaint herein is wholly insufficient.

Accordingly, the Court finds plaintiff's retaliation claim is subject to summary dismissal pursuant to § 1915(e).

### D.   State law claims

Inasmuch as plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any potential state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may

decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).  Accordingly, to the extent any of plaintiff's claims are asserted under state law, they are subject to summary dismissal under § 1915(e).

### IV.  Conclusion

Accordingly, plaintiff's individual capacity claims against defendants Reed and Smith for excessive force are dismissed without prejudice.  All of plaintiff's other claims are dismissed with prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 25, 2012

---

[3]     28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."